FRANK BALDWIN v. JOHN P. THOMPSON.

Argued November 9, 1903—Decided February 23, 1904.

Under the facts of the case, a verdict for $1,500 is so excessive as to require a new trial, unless the plaintiff accepts $500.

In tort. On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff, *Vredenburgh, Wall & Van Winkle.*

For the defendant, *Bedle, Edwards & Thompson.*

The opinion of the court was delivered by

SWAYZE, J. The only question to be considered in this case is whether the damages are so excessive that a new trial is required.

The plaintiff was a boy ten years of age and was injured by being thrown from a wagon by a collision with a wagon driven by the defendant's servant. The boy was taken home and attended by a physician the same afternoon. He was in a stupor, had two scalp wounds, was bleeding freely and vomiting. Some days later there was a discharge from one of his ears. He was confined in his grandmother's house for a week and was kept from school for six weeks after the accident. He had occasional vomiting spells afterward and up to the time of the trial. His mother says that he vomited six or seven times. The accident occurred November 26th, 1902, and the case was tried May 19th, 1903. He complains of dizziness and of pains in the middle of his back when he stoops to lace his shoes and of inability to straighten himself. The most serious injury complained of was that the hearing of his right ear was affected. Upon this subject two physicians were examined for the plaintiff. The family physician testified that he had not examined the boy for diminution of hearing, but he was present when he was examined by the expert for the defendant; that the boy, with the drum of one ear covered, was asked to write certain words, and did it correctly; that upon the witness-stand his hearing appeared to be normal; that he was apparently in good physical condition except that he was not so stout as before the accident; that he would get his flesh back in five or six months and his hearing, also, if there was no interior trouble. Dr. Chambers, a specialist in diseases of the ear, was examined as a witness for the plaintiff, and after detailing the tests made by him testified that the left ear was perfectly normal and the hearing of the right ear not quite normal.

The verdict was $1,500.

In our judgment, the testimony does not warrant a verdict for that amount. We think that the plaintiff would be compensated with an award of $500, and the rule will be made absolute unless the plaintiff remits the excess over that amount.